UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BENICIA B.A.M.,

                Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and

WARDEN, *Sheriff of Camp East Montana Detention Center, El Paso, Texas*,

                Respondents.

Civil No. 26-1807 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Patrick F. Hellier, **ZIMMER LAW GROUP**, 155 Wabasha Street South, Suite 100, Saint Paul, MN 55107, for Petitioner.

David W. Fuller and Jesus Cruz Rodriguez, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Benicia B.A.M. was detained by U.S. Immigration and Customs Enforcement ("ICE") officials on February 3, 2026, in Willmar, Minnesota. (Verified Pet.

for Writ of Habeas Corpus ("Pet.") ¶ 17, Mar. 10, 2026, Docket No. 1.) On March 10, 2026, Petitioner filed a petition for writ of habeas corpus, challenging the lawfulness of her detention. (*Id*.) Because the Court concludes that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## DISCUSSION

Petitioner Benicia B.A.M. is a citizen of Honduras and a resident of Willmar, Minnesota. (Pet. ¶ 14.) She has lived in the United States since April 2019, and she works at a meat processing plant to support her two young sons. (*Id.* ¶¶ 14, 16.) On February 3, 2026, Petitioner was arrested without a warrant and detained. (*Id.* ¶ 5.)

Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. The Court rejects that justification. To the extent Respondents rely on § 1225(b)(2), the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025); and *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the mandatory detention of an individual already present in the United States.

The Court therefore turns to the proper remedy. Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2) and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed*

*M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Benicia B.A.M.'s petition for writ of habeas corpus and order that she be released from custody.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Benicia B.A.M.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

d. Given the potentially severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in inclement weather. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on March 16, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: March 13, 2026
at Minneapolis, Minnesota.
5:15 p.m.

JOHN R. TUNHEIM
United States District Judge